IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION
Senior Judge John L. Kane[1]

Civil Action No. 09-cv-00482-JLK

SUZANNE WOOD-FEDEROWICZ (Pro Se),

    Plaintiff,

v.

ATTORNEY RONALD YENGICH,

    Defendant.

---

ORDER OF DISMISSAL

---

    Plaintiff, Suzanne Wood-Federowicz, a citizen of Utah, initiated the instant action on May 27, 2009, by filing a *pro se* civil rights complaint in the United States District Court for the District of Utah (District of Utah), Central Division. On August 13, 2009, the action was reassigned to me, after the District Judges for the District of Utah recused from the case.

*Background*

    On October 29, 1998, Ms. Wood-Federowicz, Andrew G. Federowicz and Ferosa Bluff were charged in Salt Lake County District Court with criminal homicide, child abuse and sexual abuse of a child. The charges stemmed from the death of Rebecca Bluff, Ms. Bluff's four year old daughter.

    Ms. Wood-Federowicz was represented by Ronald J. Yengich, and the charges against Ms. Wood-Federowicz were dismissed before trial. On July 16, 1999, Ms. Bluff and Mr.

---

[1] The Honorable John L. Kane, Senior United States District Judge for the District of Colorado, sitting by designation.

Federowicz were convicted of the charges against them after a four day jury trial.

The court dockets[2] for Ms. Bluff and Mr. Federowicz reflect their jury trials and subsequent convictions, but also include docket entries reflecting that Ms. Bluff and Mr. Federowicz were convicted by guilty pleas. These docket entries are apparently due to a clerical error.

Ms. Wood-Federowicz filed the instant action in the District of Utah on May 27, 2009. The Court notes that the Complaint consists of 102 pages, and is largely a catalogue of grievances against Defendant Yengich and other attorneys, interspersed with various documents pertaining to the criminal cases of Mr. Federowicz and Ms. Bluff. Ms. Wood-Federowicz does not provide "a short and plain statement of [her] claim[s] showing that the pleader is entitled to relief," pursuant to Federal Rule of Civil Procedure 8. Nonetheless, in general, Ms. Wood-Federowicz appears to assert that Mr. Federowicz and Ms. Bluff were convicted by guilty pleas which they did not enter, and that Defendant Yengich engaged in a conspiracy with other attorneys, in order to deny Mr. Federowicz and Ms. Bluff the right to a fair trial. Ms. Wood-Federowicz seeks $10,0400,00 in damages, in addition to the confiscation of Defendant Yengich's license to practice law. Complaint at 99-100.

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a memorandum in support of the motion to dismiss on July 14, 2009. Plaintiff filed a memorandum in response to the motion to dismiss on August 14, 2009 (hereinafter "First

---

[2]The Court may take judicial notice of the court proceedings in these criminal cases and any subsequent litigation in the course of ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008) (collecting cases).

Resp."), and a second memorandum in response to the motion to dismiss on August 20, 2009 (hereinafter "Second Resp."). Defendant filed a reply on August 27, 2009.

*Legal Standard*

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss for failure to state a claim upon which relief can be granted when the complaint contains insufficient allegations of fact "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams,* 490 U.S. 319, 326 (1989). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "The complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007). Complaints that are no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly,* 550 U.S. at 555; *see also Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009) (finding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

All factual allegations pled in the complaint, other than conclusory ones, are accepted as true and are construed in the light most favorable to the plaintiff. *Coosewoon v. Meridian Oil Co.,* 25 F.3d 920, 924 (10th Cir. 1994); *Hall v. Bellmon,* 935 F.2d 1106, 1109-10 (10th Cir. 1991). When evaluating a motion to dismiss for failure to state a claim, the Court cannot consider information outside the complaint without converting the motion to one for summary judgment. *Peterson v. Jensen,* 371 F.3d 1199, 1202 (10th Cir. 2004).

Allegations not supported by facts may not be offered or considered. *Fry Bros. Corp. v.*

*Dep't of Hous. and Urban Dev.,* 614 F.2d 732, 733 (10th Cir.1980); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir.1998). The Court, however, is not to assume that the Plaintiff "can prove facts that [she] has not alleged or that the [D]efendant[] [has] violated the state laws in ways that have not been alleged." *Assoc. Gen. Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Finally, the Court must construe the Complaint liberally because Ms. Wood-Federowicz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, if the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. The Court, however, should not be an advocate for a *pro se* litigant. *See id*.

*Discussion*

The Complaint appears to assert jurisdiction pursuant to 42 U.S.C. § 1985, 18 U.S.C. § 241 and 42 U.S.C. § 1983, in addition to numerous state law claims presumably asserted pursuant to 28 U.S.C. § 1367. In her response, however, Ms. Wood-Federowicz attempts to clarify the jurisdictional basis for her claims. She states that "she has used the Civil rights definitions of 1983, 1985 and 18 U.S.C.A. § 241 as <u>definitional</u> reasons regarding Yengich's failure to fulfill his contract. The suit is an intentional tort regarding Yengich's breach of contract and his failures to do that which he has promised to do." First Resp. at 2 (emphasis in original). Ms. Wood-Federowicz appears to acknowledge that she cannot maintain a claim pursuant to 42 U.S.C. § 1985, 18 U.S.C. § 241 or 42 U.S.C. § 1983, and instead, attempts to re-

style her complaint as asserting claims for "intentional tort and breach of fiduciary, violation of contractual agreements and attorney malpractice." *Id.* at 18.  The Complaint and this action will be dismissed, nevertheless, for the reasons set forth below.

In general, Ms. Wood-Federowicz alleges that, due to the alleged failures and acts of Defendant Yengich, Mr. Federowicz and Ms. Bluff suffered various injuries and violations of their constitutional rights.  For instance, she asserts that Defendant Yengich agreed to assist in "writing the Writ of Certiorari (for Ferosa Bluff) as an attorney of record for the United States Supreme Court . . . . Yengich failed to submit these documents . . . ." First Resp. At 2.  She also alleges that Defendant Yengich, and other attorneys, "violated the constitutional rights of Andrew Federowicz and Ferosa Bluff in [sic] multiple counts," and cites to the First and Fourteenth Amendments to the United States Constitution.  *Id.* at 7.  Further, she alleges that Defendant Yengich failed to present oral arguments on behalf of Ms. Bluff, and that he illegally and surreptitiously made himself attorney of record for Ms. Bluff.  *Id.* at 7-15.  Ms. Wood-Federowicz, nonetheless, does not have standing to assert claims on behalf of Mr. Federowicz and Ms. Bluff .

The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that she has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury.  *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994).  Further, in proving standing, a plaintiff "generally must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*,

422 U.S. 490, 499 (1975) (citations omitted); *see also Sac and Fox Nation of Missouri v. Pierce*, 213 F.3d 566, 573 (10th Cir. 2000).   Instead, a plaintiff "must allege a distinct and palpable injury to [herself], even if it is an injury shared by a large class of other possible litigants." *Warth*, 422 U.S. at 501 (citing *United States v. SCRAP*, 412 U.S. 669 (1973)).  Moreover, "even though [a] plaintiff has suffered legal injury because some third party has been denied legal rights, [a] plaintiff may not generally assert the third party's rights as the basis of [her] claim." *Hous. Authority of Kaw Tribe v. Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991).

Finally, the Supreme Court has recognized that "there may be circumstances where it is necessary to grant a third party standing to assert the rights of others."  *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (quoting *Warth*, 422 U.S. at 499).  A party seeking third-party standing must make two additional showings: (1) that the party asserting the right has a close relationship with the person who possesses the right; and (2) that there is a hindrance to the possessor's ability to protect his or her own interests.  *Id.*

Although Ms. Wood-Federowicz attempts to style her complaint as asserting violations of her own constitutional rights based upon an alleged breach of contract by Defendant Yengich, it is abundantly clear that the injuries of which she complains occurred to Mr. Federowicz and/or Ms. Bluff.  Having reviewed the Complaint and both Responses, the Court finds that Ms. Wood-Federowicz has not alleged any actual or threatened injury that she suffered as a result of Defendant Yengich's actions.  Indeed, due to Defendant Yengich's representation, the criminal charges against Ms. Wood-Federowicz were dismissed before trial.  Because Ms. Wood-Federowicz fails to demonstrate any actual or threatened injury as a result of the alleged constitutional violations committed against Mr. Federowicz and Ms. Bluff, Ms. Wood-

Federowicz lacks standing to assert claims attacking these alleged errors. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980).

To the extent that Ms. Wood-Federowicz may be attempting to assert claims on behalf of Mr. Federowicz and Ms. Bluff, she also has not satisfied the requirements for third-party standing. That is, the Court can find no indication that there is any hindrance to the abilities of Mr. Federowicz and Ms. Bluff to protect their own interests. *See Kowalski*, 543 U.S. at 129. Indeed, both Mr. Federowicz and Ms. Bluff have filed their own section 1983 actions in the District of Utah (09-cv-00481-JLK and 09-cv-00483-JLK). Accordingly, Ms. Wood-Federowicz is not entitled to third-party standing in this action. Because the Court finds that Ms. Wood-Federowicz does not have standing, it need not address Defendant's other arguments for dismissal.

The Court also declines to exercise supplemental jurisdiction over Ms. Wood-Federowicz's state law claims because the constitutional claims over which the Court has original jurisdiction will be dismissed. *See* 28 U.S.C. § 1367(c)(3). Therefore, the Complaint and this action will be dismissed for lack of subject matter jurisdiction.

Finally, Defendant Yengich moves the Court for an award of attorneys fees under 42 U.S.C. § 1983, because he argues that "the complaint is frivolous, groundless and plainly unreasonable." Motion to Dismiss at 23-24. It is well settled that a "prevailing party" in a § 1983 action may be entitled to reasonable costs and attorneys fees. *See* 42 U.S.C. § 1988(b). A defendant may only recover such fees in a § 1983 action, however, if the suit "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes*

*v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *Crabtree v. Muchmore*, 904 F.2d 1475, 1477-79 (10th Cir. 1990)).  This standard has been described as a "stringent one."  *See Hughes*, 449 U.S. at 5.

An award is also proper where the plaintiff continues to litigate after it is clear that the claim is frivolous, unreasonable, or groundless.  *Houston v. Norton*, 215 F.3d 1172, 1174 (10th Cir. 2000) (quoting *Hughes*, 449 U.S. at 15-16).  Further, the Court "consider[s] the *pro se* plaintiff's ability to recognize the objective merit of his or her claim" and that "[a]n unrepresented litigant should not be punished for [her] failure to recognize subtle factual or legal deficiencies in [her] claims."  *Olsen v. Aebersold*, 149 Fed. Appx. 750, 753 (10th Cir. Aug. 31, 2005) (unpublished opinion).

The Court declines to award attorneys fees to Defendant because this action is Ms. Wood-Federowicz's first attempt to recover damages related to her criminal case.  Nonetheless, Ms. Wood-Federowicz is warned that should she continue making filings similar to the instant action, she will be required to pay attorney fees incurred in responding to her filings.  Accordingly, it is

ORDERED that Defendant's Motion to Dismiss and Award Attorney Fees (Doc. # 13) is GRANTED IN PART AND DENIED IN PART.  It is

FURTHER ORDERED that the complaint and the action are dismissed with prejudice.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 30<u>th</u> day of <u>November</u>, 2009.

              BY THE COURT:

              *<u>s/John L. Kane</u>*
              JOHN L. KANE
              Senior United States District Judge